UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**RICHARD J. LYNCH,**

    **Plaintiff,**                           Case No. 18-cv-12283

    v.                                       District Judge Nancy G. Edmunds

**DEPUTY WARDEN REWERTS,**            Magistrate Judge Mona K. Majzoub

    **Defendant.**

_____/

### REPORT AND RECOMMENDATION

Plaintiff Richard J. Lynch filed this *pro se* civil rights matter against seven employees of the Michigan Department of Corrections ("MDOC"). On July 30, 2018, this Court dismissed Plaintiff's claims against all Defendants except Deputy Warden Rewerts. (Docket no. 4.) Now before the Court is Defendant's motion to dismiss. (Docket no. 12.) Plaintiff failed to respond to the motion to dismiss.

All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.**    **RECOMMENDATION**

For the reasons set forth below, Defendant's motion to dismiss (docket no. 12) should be **GRANTED**, and Plaintiff's complaint should be dismissed in its entirety.

**II.**    **REPORT**

    **A.**   **Background**

Plaintiff Richard J. Lynch, who at the time of the events described in his complaint was in the custody of the MDOC at Cooper Street Correctional Facility ("JCS"), filed a *pro se* complaint

against seven defendants, including Deputy Warden Rewerts. Plaintiff asserts that on August 2, 2016, he was approved to leave JCS to work in a "gate-pass" job outside of the facility. (Docket no. 1, p. 9.) Plaintiff alleges that upon his return to JCS, Officer Redmond refused to search Plaintiff because he had a colostomy bag. (*Id.*) On the next day, Plaintiff was informed that he was "laid in," meaning that he was not permitted to leave the facility for his gate-pass job. (*Id.*) Plaintiff contends that Deputy Warden Rewerts terminated his gate-pass work assignment because of his colostomy bag in violation of the Americans with Disability Act ("ADA"), 42 U.S.C. § 12101. (*Id.*)

On July 30, 2018, pursuant to 28 U.S.C. § 1915(e)(2), this Court dismissed Plaintiff's claims against all Defendants except Deputy Warden Rewerts, finding that Plaintiff failed to state a valid ADA claim against the other six Defendants. (Docket no. 4.)

On October 12, 2018, Defendant Rewerts moved to dismiss Plaintiff's complaint in its entirety. (Docket no. 12.) On March 21, 2019, the Court ordered Plaintiff to respond to Defendant's motion to dismiss not later than thirty days from the date of that Order. (Docket no. 17.) In the March 21 Order, the Court notified Plaintiff that "**FAILURE TO FILE A TIMELY RESPONSE WILL RESULT IN A RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**." (*Id.*)

### B. Analysis

Rule 41(b) of the Federal Rules of Civil Procedure gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). The court should consider the following factors before dismissing an action under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the party; (3) whether

the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.  *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).  *See also* E.D. Mich. LR 41.2 ("[W]hen it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing . . . the case unless good cause is shown.").

On March 21, 2019, the Court directed Plaintiff to respond to Defendant's motion to dismiss (docket no. 12) not later than thirty days from the date of that Order.  (Docket no. 17.)  In addition the Court cautioned Plaintiff that "**FAILURE TO FILE A TIMELY RESPONSE WILL RESULT IN A RECOMMENDATION THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**."  (*Id.*)

Plaintiff has failed to respond by the deadline set by that order.  Accordingly, the undersigned recommends that the Court grant Defendant's motion to dismiss (docket no. 12).

### C.  Conclusion

For the reasons stated herein, Defendant's motion to dismiss (docket no. 12) should be **GRANTED**, and Plaintiff's complaint should be dismissed in its entirety.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated: April 29, 2019        s/ Mona K. Majzoub
                             MONA K. MAJZOUB
                             UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and Counsel of Record on this date.

Dated: April 29, 2019         s/ Leanne Hosking
                                      Case Manager